Mr. Justice Richardson
delivered the opinion of the court.
The attachment act very properly requires the affidavit of the plaintiff in attachment, filed with his declaration, to be full and explicit, as to all credits to be allowed to the absent debtor; because the safety of the latter depends upon a full disclosure in the first instance, and upon the bond of the plaintiff in the second.'
The words of the act are, “ the plaintiff, on filing his, her, or their declaration as aforesaid, shall make oath to the debt or sum demanded, and that no part of the same is paid, and that he doth not in any wise, or upon any account whatsoever, stand indebted to the defendant; and in case the plaintiff shall be indebted to the defendant, then such sum shall be deducted out of the sum demanded; and in such a case a stated account shall be sworn to, and filed together with the said declaration.” (P. L. 189.) The affidavit filed is as follows : “ Personally appeared William Turner, the plaintiff, and upon oath being sworn, saith that the note on which this action is brought, of three hundred and thirty-six dollars ninety-one cents, is justly due to him, and that no part of the same is paid, and that he is indebted to the defendant some small amount, but he does not know how much, contracted since this note was givem Sworn to and subscribed, &c.”
The objection supposes that an account current should have been filed. But such an account must have consisted, on the debit side, of one item only, and of none on the credit *554 side.- The affidavit sets forth as plainly the whole truth* as any account, in a different form, could have done; there can then be no objection on the ground of a want of explicitness.
y. R. S. Mills, for the motion.
Clendinen, contra.
And to require the plaintiff to set forth in either form, which was the amount due to the defendant, when he does not know it, is to require an impossibility. The acknowledgment that something was due, may perhaps authorize the jury to deduct a certain sum from the note at a hazard but it cannot invalidate the proceedings.
The motion is therefore dismissed.
Justices Colcock, Nott and Huger, concurred.